IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEATON OIL COMPANY, LLC                                                              PLAINTIFF

v.                                            No. 6:16-CV-06093

UNITED STATES OF AMERICA                                                          DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant the United States of America's ("the Government") motion (Doc. 8) to dismiss and brief in support (Doc. 8-1), Plaintiff Deaton Oil Company, LLC's ("Deaton") response (Doc. 11) and brief in support (Doc. 12), and the Government's reply (Doc. 14), filed with leave of Court. The Government moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). Deaton opposes, and alternatively requests leave to file an amended complaint. For the reasons set forth herein, the Government's motion will be granted and Deaton's request for leave to file an amended complaint will be denied.

Deaton's complaint alleges that it relied on one of its employees, Tony Rather, and its outside CPA to properly calculate employment taxes to be remitted to the IRS from January 1, 2010 through December 31, 2013. Deaton's employment taxes were not paid for this period, and the IRS sent Deaton a deficiency notice. Deaton promptly remitted a portion of unpaid taxes to the IRS, and conducted an investigation to determine the proper additional amount. After remitting those, the only remaining outstanding amounts were penalties and interest on the unpaid taxes. Deaton paid these amounts to the IRS, and then filed a claim for refund and request for abatement for each of the quarterly tax periods for which the penalties and interest were assessed. Deaton requested refund of "penalties, interest, and additions to tax." (Doc. 1, ¶¶ 10, 11). The basis for each claim for refund was Deaton's argument that its failure to pay taxes was the result of

1

reasonable cause and not willful neglect. The IRS refunded penalties and a portion of interest for the 2013 tax periods, but will not pay out on the remaining requests for refund. Deaton filed this lawsuit seeking refund.

A taxpayer that fails to timely pay is subject to penalties unless the failure "is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a), § 6656(a). Showing reasonable cause requires a taxpayer to "demonstrate that he exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time." *United States v. Boyle*, 469 U.S. 241, 246 (1985) (quotations omitted). "The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)." *Id.* at 252; *accord Conklin Bros. of Santa Rosa, Inc. v. United States of America*, 986 F.2d 315, 317 (9th Cir. 1993) ("Although Conklin reasonably assumed that its employee would comply with the statutes, that is a matter between them and does not resolve the matter regarding Conklin's tax obligations. . . . Congress has charged Conklin with an unambiguous duty to file, pay, and deposit employment taxes, and Conklin cannot avoid responsibility by simply relying on its agent to comply with the statute."). Deaton had an obligation to timely remit employment taxes. Deaton's reliance on its agents—an employee and an outside CPA—cannot constitute reasonable cause for its failure to remit those taxes. Deaton's allegations do not state a claim, and dismissal of this matter is proper.

Deaton requests the opportunity to amend its complaint should the Court find dismissal is proper. Deaton's request will be denied. Local rules require any party who wishes to amend its pleading to "attach a copy of the amendment to the motion." W.D. Ark. R. 5.5(e). Deaton has not attached a proposed amendment. Furthermore, while leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), one basis for denial of a motion to amend is

futility. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 358–59 (8th Cir. 2011). Deaton's complaint is not being dismissed because it lacks sufficient factual allegations to state one of the elements of a claim, or for some similar reason. It is being dismissed because the factual allegations demonstrate that Deaton is not entitled to relief. Amendment would be futile, and so leave to amend will not be granted.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 8) is GRANTED and this case is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 23rd day of May, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE